UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KENSHOND K. LOVE, JR.,

                Plaintiff,

v.                                           Case No. 23-cv-408-pp

MILWAUKEE COUNTY JAIL STAFF,
LT. AVERY and JANE AND JOHN DOE 1–15,

                Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 4), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

---

    Kenshond K. Love, Jr., who is incarcerated at Kettle Moraine Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants exposed him to inhumane conditions of confinement. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 4, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 4)**

    The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then

must pay the balance of the $350 filing fee over time, through deductions from his prison trust account. Id.

On April 11, 2023, the court ordered the plaintiff to pay an initial partial filing fee of $24.27. Dkt. No. 6. The court received that fee on April 26, 2023. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

**II. Screening the Complaint**

    A.    <u>Federal Screening Standard</u>

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). <u>See</u> <u>Cesal v. Moats</u>, 851 F.3d 714, 720 (7th Cir. 2017) (citing <u>Booker-El v. Superintendent, Ind. State Prison</u>, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts,

2

Case 2:23-cv-00408-PP   Filed 06/28/23   Page 2 of 13   Document 7

"accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.   The Plaintiff's Allegations

The complaint names as defendants Milwaukee County Jail Staff, Lieutenant Avery and Jane and John Does 1–15. Dkt. No. 1 at 1–2. The plaintiff alleges that on July 8, 2022, while he was at the jail, staff locked him in his cell "with human feces all over the floor." Id. at 2. He says that an officer awoke him around lunch time, and the plaintiff "found out [his] cell was flooded with human feces all over [the] Cell." Id. The officer gave the plaintiff his lunch and said he would be right back. Id. The officer locked the cell and

left. Id. The plaintiff says that after twenty to thirty minutes he pressed his emergency call button because the odor in his cell caused him to vomit. Id. at 2–3. He says he felt dizzy and told the sergeant through his intercom that he could not breathe from the smell and needed to see a nurse. Id. at 3.

The plaintiff alleges that he passed out for a half hour to forty-five minutes. Id. When he awoke, officers at the front of his cell were cleaning up around his cell and in the dayroom. Id. The plaintiff says he was asking to see a nurse, but the officers told him he "was not on the nurse list to be seen." Id. Other nearby incarcerated persons told officers they could not breathe, but the officers allegedly did nothing to address those concerns. Id. The plaintiff says that "[t]his went on for" another two to three hours—him locked in the cell with human feces and no running water. Id. He says that when the second shift officers arrived, his cell got cleaned. Id. But the plaintiff alleges that the officers cleaned the cell with him inside, leaving him "having to smell chemicals." Id.

The plaintiff requested the names of the officers, but was not given any names. Id. The plaintiff wrote grievances about the incident but did not receive a response. Id. He says the incident is on video. Id. The plaintiff alleges that the incident lasted about four to six hours, from either 10:30 or 11:00 a.m. until 3:30 or 4:00 p.m. Id. at 2–3. The plaintiff seeks compensatory and punitive damages and a jury trial and asks "yall to investigate this horrendous act." Id. at 3–4.

4

Case 2:23-cv-00408-PP   Filed 06/28/23   Page 4 of 13   Document 7

C.  Analysis

The plaintiff does not specify whether he was a pretrial detainee or a convicted person at the time of the incident. The dockets from the plaintiff's state court cases show that he was sentenced on February 15, 2018. See State of Wisconsin vs. Kenshond Karon Love Jr., https://wcca.wicourts.gov/ (Milwaukee County Case Numbers 2017CF003907, 2017CF003908 and 2017CF003910). The Wisconsin Department of Corrections website shows that the plaintiff was housed at Kettle Moraine Correctional Institution at that time, but was at the Milwaukee County Jail from July 7 to 14, 2022 for a court hearing. See https://appsdoc.wi.gov/lop/details/detail (DOC #536550).

Because the plaintiff was serving a sentence imposed as a result of a conviction at the time of the alleged events, the court analyzes his allegations regarding the conditions of his confinement under the Eighth Amendment. Under the Eighth Amendment, a state may not subject prisoners "to conditions of confinement amounting to cruel and unusual punishment." Giles v. Godinez, 914 F.3d 1040, 1051 (7th Cir. 2019) (citing Rhodes v. Chapman, 452 U.S. 337, 345–47 (1981)). The Supreme Court has clarified, however, that only "extreme deprivations" will amount to cruel and unusual conditions of confinement. Id. (citing Hudson v. McMillian, 503 U.S. 1, 9 (1992)). The court must judge the alleged conditions "in accordance with contemporary standards of decency." Id. (citing Hudson, 503 U.S. at 8, and Rhodes, 452 U.S. at 346).

An Eighth Amendment claim consists of both objective and subjective components. Farmer v. Brennan, 511 U.S. 825, 834 (1994). In the context of a

5

Case 2:23-cv-00408-PP   Filed 06/28/23   Page 5 of 13   Document 7

conditions-of-confinement claim, an incarcerated person must show that he has been deprived of "'the minimal civilized measure of life's necessities.'" Wilson v. Seiter, 501 U.S. 294, 298 (1991) (quoting Rhodes, 452 U.S. at 347). The subjective component requires the incarcerated person to demonstrate that prison officials acted with the requisite intent, that is, that the officials acted with "deliberate indifference" to a substantial risk that the plaintiff would suffer serious harm. Farmer, 511 U.S. at 834; Wilson, 501 U.S. at 303.

Determining whether the alleged conditions constitute cruel and unusual punishment is fact intensive. Cases in this court and the Seventh Circuit have concluded that allegations like the plaintiff's both did and did not violate the Eighth Amendment. See Lindell v. Pollard, 558 F. Supp. 3d 734, 751–52 (E.D. Wis. Sept. 3, 2021) (citing cases). Often the decision turns on the extent of the conditions and whether the prisoner was provided a way to clean himself or the cell. See Budd v. Motley, 711 F.3d 840, 843 (7th Cir. 2013) (citing cases). Courts also consider "the length of time the plaintiff was exposed, the issue of whether the plaintiff himself caused the condition, the plaintiff's ability to address the condition himself, and other factors." See Oswald v. Manlove, No. 16-cv-991-pp, 2019 WL 464135, at *11–12 (E.D. Wis. Feb. 6, 2019) (discussing cases).

Although the conditions to which the plaintiff was exposed were undoubtedly unpleasant, the court finds that they do not constitute "extreme deprivations" sufficient to violate the Eighth Amendment. The plaintiff says he was in the dirty cell for no longer than six hours. Courts that have found

constitutional violations from unsanitary conditions involved allegations of *days-long* exposure to the unsanitary conditions. See Wheeler v. Walker, 303 F. App'x 365, 368 (7th Cir. 2008) (citing cases in which prisoners were held in unconstitutionally feculent conditions for three to six days); Diaz v. Ndina, No. 18-CV-2015-JPS, 2019 WL 5696849, at *2 (E.D. Wis. Nov. 4, 2019) (noting that the Seventh Circuit has found that "*prolonged* exposure to human excrement can" violate the Constitution (emphasis added)); see also DeSpain v. Uphoff, 264 F.3d 965, 974 (10th Cir. 2001) (prisoner who spent thirty-six hours without working toilet and exposed to flooded cell and human waste stated Eighth Amendment claim); compare with Ortiz v. Dep't of Corr. of City of New York, No. 08 CIV. 2195 RJSHBP, 2011 WL 2638137, at *7 (S.D.N.Y. Apr. 29, 2011) (Report and Recommendation) adopted sub nom. Ortiz v. Hernandez, 2011 WL 2638140 (S.D.N.Y. July 5, 2011) (collecting rejected complaints "where exposure to such waste is intermittent or limited to a matter of hours").

In another case before this court, the incarcerated person alleged "that he was held only overnight—for about fourteen hours—in a dirty cell that smelled like human waste. He alleges that he slept on a mattress that had feces in the seams." Turner-Harris v. Johnson, No. 20-cv-1815-pp, 2022 WL 1620350, at *4 (E.D. Wis. May 23, 2022). This court concluded that those allegations were sufficient to satisfy the objective component of an Eighth Amendment claim. Id. Compare that to the plaintiff in Lindell, who was exposed to filthy conditions "for only a day" before he was provided cleaning supplies; yet the district court concluded that "[t]he plaintiff's minimal

7

exposure to human feces, while undoubtedly unpleasant, did not pose a threat to his health or safety and was not so serious as to deprive him of basic human dignity." Lindell, 558 F. Supp. 3d at 751. The court notes that the conditions in Lindell involved feces allegedly smeared on a door, not the floor as the plaintiff alleges here. Id. The Seventh Circuit has noted other courts' "specific concern about exposure to human waste for periods as short as 36 hours." Wheeler, 303 F. App'x at 368 (citing DeSpain, 264 F.3d at 974).

The court could find no cases concluding that exposure to unsanitary conditions for only a few hours constitutes a deprivation of "the minimal civilized measure of life's necessities." Another court in this district rejected a plaintiff's claim that being forced to remain in a filthy, cold cell and in soiled clothing for about twelve hours before he was allowed to shower violated his Eighth Amendment rights. Gillum v. Armor Health Care, No. 18-CV-236-JPS, 2018 WL 2170333, at *3 (E.D. Wis. May 10, 2018). That court explained, "[T]he Eighth Amendment sets an extremely high bar for claims that a prison's living standards fall below the level of minimal decency. Factual scenarios which present viable claims generally last for at least days, if not weeks, of exposure to such conditions." Id. (citing Wheeler, 303 F. App'x at 368).

The plaintiff alleges that he was locked in his cell with feces all over the floor for four to six hours. He says that he had difficulty breathing from the smell and passed out at one point from the odor. He says he did not have running water, but he does not say whether he requested cleaning supplies or had other water or supplies to clean the cell. He does not allege that he was

8

forced to sleep on the floor or on a soiled mattress, as was the plaintiff in Turner-Harris, 2022 WL 1620350. The plaintiff alleges that officers disregarded the conditions at first and cleaned only around and outside of his cell. Other officers or jail staff cleaned his cell about two or three hours later, but they used chemicals that the plaintiff also was forced to smell. He did not see a nurse, but he does not explain what harm he suffered, aside from passing out and having to endure the odors. Although these conditions were far from comfortable or pleasant, the court finds that the short duration and the plaintiff's limited exposure to the unsanitary conditions and unpleasant odors is not of the "extreme" class of deprivations sufficient to violate the Eighth Amendment.

Even if the plaintiff had alleged enough to state a claim, he has not named a proper defendant. The only named defendant is Lieutenant Avery, but the body of the complaint does not describe anything that Lieutenant Avery did. It does not explain who Lieutenant Avery is or what role he had in the July 8, 2022 incident. Simply listing the name of a potential defendant without alleging what he did to violate the plaintiff's rights is not enough to hold that defendant liable under §1983. The plaintiff instead "must establish a defendant's personal responsibility for any claimed deprivation of a constitutional right." Miller v. Smith, 220 F.3d 491, 495 (7th Cir. 2000). The complaint fails to do this and does not state a claim against Lieutenant Avery. The complaint also names "Milwaukee County Jail Staff." But the "staff" of the jail is not a person that may be sued under §1983. Cash v. Marion Cty. Jail,

211 F. App'x 486, 488 (7th Cir. 2006) (affirming district court's dismissal of suit naming jail "staff" as defendants).

The plaintiff also names fifteen unknown Jane or John Doe officers who he says are responsible. But the plaintiff does not explain which officers are the persons that he wants to sue or what they did that makes them *personally* responsible for the conditions of his confinement. Does he want to sue the officer who provided him his lunch and then left the cell? Does he seek to sue the officers who ignored his requests for a nurse? What about those who failed to clean his cell and cleaned only the nearby area? Does he want to sue the officers who cleaned his cell but used chemicals that he was forced to smell? Or are there other officers that he intends to sue? The complaint does not sufficiently explain who the plaintiff believes should be liable, and he may not proceed generally against an indeterminate number of unknown individuals.

To the extent the plaintiff seeks to proceed on a claim about his unanswered grievance, he has not stated a claim. There is no inherent constitutional right to a grievance system. Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996). That means the plaintiff cannot state a claim against any person about his unanswered grievance. See Owens v. Hinsley, 635 F.3d 950, 953 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007).

Because the conditions the plaintiff describes in his complaint were not objectively sufficiently serious, he fails to state a claim for relief under the Eighth Amendment. Although district courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the court need not do so "when

'it is *certain*' that amendment would be futile." See Fields v. Miller, No. 21-1419, 2022 WL 1011666, at *3 (7th Cir. Apr. 5, 2022) (citing Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519–20 (7th Cir. 2015)). The plaintiff's complaint is thorough in its allegations of the facts surrounding this claim, so the court finds that amendment would be futile.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 4.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. The court will enter judgment accordingly.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff shall collect from his institution trust account the **$257.09** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Kettle Moraine Correctional Institution and will email a copy to DLSFedOrdersEastCL@doj.state.wi.us.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $505 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion in *this court*. See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed another "strike" by the Court of Appeals if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Fed. R. Civ. P. 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2).

Any motion under Fed. R. Civ. P. 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 28th day of June, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**